NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 10 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JIAXIANG WANG, | No.    18-73212 |
| Petitioner, | Agency No. A200-268-539 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 8, 2024[**]
Pasadena, California

Before: SILER,[***] GOULD, and BEA, Circuit Judges.

Petitioner Jiaxing Wang, a native and citizen of China, petitions for review

of a decision of the Board of Immigration Appeals ("BIA") affirming an

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

immigration judge's ("IJ") order denying Wang's applications for asylum and withholding of removal.[1] Wang filed an application for asylum and withholding of removal claiming fear of persecution in China on account of his Christian religion and, in particular, for providing religious materials to members of the house church he attended. We review factual findings for asylum and withholding of removal for substantial evidence, and we accept the agency's findings unless compelled to conclude to the contrary. 8 U.S.C. § 1252(b)(4)(B); *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241–42 (9th Cir. 2020). When the BIA reviews an IJ's adverse credibility determination and denial of asylum relief for clear error, the IJ's decision guides our understanding of the BIA's decision. *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008); *Gu v. Gonzales*, 454 F.3d 1014, 1018 (9th Cir. 2006). The facts are familiar to the parties, so we do not restate them here. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Wang challenges the agency's adverse credibility determination. A credibility determination must consider the consistency between the applicant's written and oral statements. 8 U.S.C. § 1158(b)(1)(B)(iii); *Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010); *Malkandi v. Holder*, 576 F.3d 906, 917 (9th Cir.

---

[1] Before the BIA, Wang did not challenge the IJ's denial of his Convention Against Torture ("CAT") claim and does not raise his CAT claim in his opening brief. Wang forfeited and failed to exhaust his CAT claim. *See Maharaj v. Gonzalez*, 450 F.3d 961, 967 (9th Cir. 2006); *Barron v. Ashcroft*, 358 F.3d 674, 677–79 (9th Cir. 2004).

2009). An inconsistency should not be a "mere trivial error," and the determination should consider the applicant's explanation and other contravening evidence. *Shrestha*, 590 F.3d at 1044. If a petitioner cannot explain an inconsistency that relates to the basis for his fear of persecution, such as the frequency of the activity underlying his claim, the inconsistency is "doubtless [] of great weight." *Id.* at 1047; *see also Zamanov v. Holder*, 649 F.3d 969, 973–74 (9th Cir. 2011).

The BIA based its denial of relief in part on the IJ's adverse credibility finding, which was based on two discrepancies: (1) an inconsistency between Wang's testimony and his written declaration about how "often" he supplied religious materials to the house church he attended in China; and (2) an omission from his declaration that the police in China had questioned his grandmother about Wang's related activities. Both discrepancies were material to Wang's claim of a well-founded fear of persecution in China based on his Christian religion and his distributing religious materials. *See Shrestha*, 590 F.3d at 1044, 1047; *Kin v. Holder*, 595 F.3d 1050, 1057 (9th Cir. 2010). In his testimony, both of Wang's explanations for these discrepancies ultimately faulted the preparation of his application. The agency did not find Wang's explanations persuasive, particularly given that Wang confirmed the accuracy of the translation of his application. Because these discrepancies go to the crux of Wang's claim, they constitute

substantial evidence to support the BIA's adverse credibility determination. *See Shrestha*, 590 F.3d at 1047; *Kin*, 595 F.3d at 1057; *see also Zamanov*, 649 F.3d at 973–74. We afford "ample deference" to the agency, and neither a comparison of Wang's words in his testimony and declaration nor another basis in the record compel us to conclude differently. *See* 8 U.S.C. § 1252(b)(4)(B); *Shrestha*, 590 F.3d at 1044, 1047; *Kin*, 595 F.3d at 1057.

2. Alternatively, Wang contends that substantial evidence does not support the agency's determination that he did not establish that he faces a well-founded fear of persecution in China because he would be singled out on account of his religion. Police interviews are not enough to establish a well-founded fear of persecution on account of religion when the applicant testifies that he and his family have not faced subsequent threats or harm in the years since. *See Gu*, 454 F.3d at 1022 (where the record did not establish a well-founded fear of persecution in China on account of applicant's religion). Following the 2011 report from Wang's father that authorities in China sought information about Wang's whereabouts and activities related to the house church, neither Wang nor his family members in China have been threatened, harmed, or contacted. He does not show that he has been in touch with house church members since that time, nor that he

4

has supplied any additional religious materials to the church or its members.[2]  As in *Gu*, the police inquiries about Wang occurred years ago without harm or threat to Wang or his family since then.  *See id.*  Wang also does not show that he has continued to share religious materials, or engage another way, with the house church or its members.  The record does not compel the panel to disturb the agency's assessment that Wang faces an insufficient likelihood of persecution upon his return to China.  *See* 8 U.S.C. § 1252(b)(4)(B); *Gu*, 454 F.3d at 1022.

To the extent that Wang does not meet the burden of proof required for asylum, he does not satisfy the higher standard required for withholding of removal.  *See* 8 U.S.C. § 1231(b)(3)(A); *Hoxha v. Ashcroft*, 319 F.3d 1179, 1184–85 (9th Cir. 2003); *Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir. 2004).

**PETITION DENIED.**

---

[2] Similarly, Wang has not challenged the IJ's determination that Wang did not suffer past persecution, so those grounds are forfeited and barred for failure to exhaust.  *See Maharaj*, 450 F.3d at 967; *Barron*, 358 F.3d at 677–79.